MOBILE BAR PILOTS ASSOCIATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 77016, 81295. Promulgated November 3, 1936.

*George E. H. Goodner, Esq.*, for the petitioner.
*Lloyd W. Creason, Esq.*, for the respondent.

14

OPINION.

TYSON: The first question for determination is whether or not the petitioner is taxable as if it were a corporation. This must be answered in the affirmative, since, as shown in our findings of fact, it operated the business of piloting boats, collecting fees therefor, and distributing the fees among its members after certain deductions therefrom, and possessed many attributes of a corporation such as having a centralized management through a president, vice president, secretary, and board of directors, rules and bylaws, continuity of existence which was not interrupted by the death of a member, equal ownership by the members of shares or interest in the property of the association, such interest or share being acquired on payment to the association by each member of the amount of the value of his share, and limited personal liability of its members. From all of these facts it clearly appears that petitioner was, during the taxable years, engaged in business for profit and was an association taxable as a corporation under the rulings of the United States Supreme Court in *Morrissey* v. *Commissioner*, 296 U. S. 344; *Helvering* v. *Coleman-Gilbert Associates*, 296 U. S. 369; *Swanson* v. *Commissioner*, 296 U. S. 362; and *Helvering* v. *Combs*, 296 U. S. 365. Cf. *Ora L. Pelton, Sr., et al., Trustees*, 32 B. T. A. 198; affd., 82 Fed. (2d) 473.

Petitioner contends, on brief, without the citation of any authority other than the statute itself to sustain such contention, that it is exempt from taxation under either or both of subsections (1) and (12) of section 103 of the Revenue Act of 1932, and concedes that if petitioner is exempt from taxation as an association such exemption must be derived from these subsections. Subsection (1) relates to "Labor, agricultural, or horticultural organizations" and subsection (12) relates to "Farmers', fruit growers', or like associations organized and operated on a cooperative basis." We do not think this contention is sound as petitioner, clearly, was not embraced within any of the classes set out in these subsections.

Relative to the question of the amount allowable as a deduction for depreciation on the three boats, the *Alabamian*, the *Anna Ruth*, and the *Godbold*, owned and operated by the association, we find that there is no proof of error in the respondent's determination of the cost basis of each separate boat upon which depreciation must be computed. Therefore, the respondent's determination as to the separate cost basis of each boat is approved. However, the evidence does establish that the respondent erred in his determination of the

useful life of each of the three boats and, consequently, also erred in the rate applied in computing the amount allowed by him as a deduction for depreciation thereon in each of the years in controversy. In our findings of fact we have determined the useful life of each separate boat, and the allowable deduction for depreciation in the taxable years must be computed at rates based on such useful lives.

Relative to the disallowance by the respondent of a deduction for pensions paid as additional compensation to the two retired Dorgans, it is shown in our findings of fact that both had been in the active service of the association for more than twenty-five years prior to the date of their retirement and that, under the rules and bylaws of the association, John Dorgan received in the taxable year ended March 31, 1932, the amount of $576.65, and in the taxable year ended March 31, 1933, the amount of $600, and Sid Dorgan received in the taxable year ended March 31, 1932, the amount of $1,730 and in the taxable year ended March 31, 1933, the amount of $1,715, all of such amounts having been paid as reasonable additional compensation for past services rendered prior to retirement and services rendered after retirement. We hold that both the Dorgans were members of the association at the time of their retirement and were retired members during the taxable years and that the payments made to them as additional compensation for past personal services rendered by them prior to their retirement and services rendered thereafter were reasonable amounts therefor and are deductible as ordinary and necessary expenses paid by petitioner in carrying on its business during the taxable years. *Lucas* v. *Ox Fibre Brush Co.*, 281 U. S. 115; *Elgin National Watch Co.*, 17 B. T. A. 339; *Lemuel Scarbrough*, 17 B. T. A. 317; *Hibbard, Spencer, Bartlett & Co.*, 5 B. T. A. 464; *Botchford* v. *Commissioner*, 81 Fed. (2d) 914, affirming 29 B. T. A. 656.

The action of respondent in disallowing the deduction of $2,144.65 paid the estate of George W. Raley, a deceased member of the association, is approved. There is no evidence in the record showing that such amount was *reasonable* additional compensation for the services rendered by him prior to his death. Petitioner's failure to establish this vital fact is fatal to his contention on this issue. *Brown & Haley*, 21 B. T. A. 752; *Model Dairy, Inc.*, 13 B. T. A. 545. Moreover, there is also no evidence in the record establishing the fact that this payment was an "ordinary and necessary" expense of the business of petitioner within the meaning of section 23 (a) of the Revenue Act of 1932. Cf. *Botany Worsted Mills* v. *United States*, 278 U. S. 282. Cf. *Carpinter & Baker, Inc.*, 9 B. T. A. 165, and *Fifteenth & Chestnut Realty Co.*, 29 B. T. A. 1030.

*Decision will be entered under Rule 50.*